UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Michael Rolack, Jr.,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 05-44 ADM/AJB

Andrew R. Winter, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Michael Rolack, Jr., *pro se.*

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Michael Rolack Jr.'s ("Defendant") Motion to Appoint Counsel and Revoke Supervised Release [Docket No. 52] ("Motion"). For the reasons set forth below, Defendant's Motion is denied.

## II. BACKGROUND

On August 17, 2005, Defendant pled guilty to possession with intent to distribute five grams or more of cocaine base and was sentenced to 70 months imprisonment, to be followed by four years supervised release. Sentencing Judgment [Docket No. 26] ¶¶ 1–3. On July 22, 2013, Defendant was released to a two-year term of supervision. Pet. Supervised Release [Docket No. 50] ¶ 1. One of the conditions of Defendant's supervised release is not to commit another federal, state, or local crime. Id.

On March 22, 2014, while on supervised release, Defendant was arrested for felony assault with a dangerous weapon after an alleged drive-by shooting. Id. This Court issued a

warrant for Defendant's arrest on March 25, 2014.  Bench Warrant [Docket No. 51].  Defendant was convicted of felony assault in Hennepin County District Court on November 6, 2014 and was sentenced to 84 months imprisonment.[1]  The Defendant's state custody is subject to a federal detainer.

### III.  DISCUSSION

The Court construes Defendant's Motion as a request for counsel and a revocation hearing.  Defendant appears to be requesting a hearing immediately, prior to the completion of his state sentence for the felony assault conviction.  Motion ¶¶ 1–2.

Federal Rule of Criminal Procedure 32.1, which requires a revocation hearing within a reasonable time, exists to protect an individual "from undue federal incarceration."  United States v. Pardue, 363 F.3d 695, 698 (8th Cir. 2004).  In Pardue, the Eighth Circuit found that because the probationer had pending state charges, no undue federal incarceration occurred.  Id.  Further, Rule 32.1 speaks only to "those currently in federal custody;" an individual held in state custody is not entitled to a hearing under the rule.  United States v. Swenson, 250 F. App'x 838, 839–40 (10th Cir. 2007).

Defendant's request for a revocation hearing will be considered when he is in federal custody after the conclusion of his state court sentence.  Since Defendant is being held in state custody, he is not entitled to a revocation hearing until he is in federal custody.  Hicks v. United States Bd. of Paroles & Pardons, 550 F.2d 401, 403–04 (8th Cir. 1977).

Although Defendant's future revocation hearing will likely occur after his supervised

---

[1] State of Minnesota v. Rolack, No. 27 CR 14-8290 (Nov. 6, 2014).  This information was obtained at www.mncourts.gov.

release period expires, this does not change the result.  Pursuant to 18 U.S.C. § 3583(i), "the court [may] revoke a term of supervised release for violation of a condition of supervised release . . . beyond the expiration of the term of supervised release . . . if, before its expiration, a warrant . . . has been issued on the basis of an allegation of such a violation."  18 U.S.C. § 3583(i). Defendant violated his supervised release term on March 22, 2014.  The Court issued a warrant for his arrest on March 25, 2014, well before the expiration of his supervised release.  Therefore, waiting to conduct a revocation hearing until Defendant has concluded his state sentence is consistent with the law.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Appoint a Federal Defender and to Revoke Supervised Release [Docket No. 52] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 29, 2015.